Ruffin, C. J.
 

 The question is, whether the machinery for the spinning of the cotton, separate from the wheels which set it in motion, is no part of the_ “impxov.ement”-on the land, and, so, exempt from taxation ; or whether the house, tEFmaTiTlyateFwheel and other wheels. .and. the spinning machinery, constituting together the_Fac_-tory, be not, as~a~whbTe, such an improvement on the land as to be liable to assessment, within the meaning of the. revenue laws. The opinion of the Court is, that it is thus liable.
 

 Formerly land was not taxed
 
 ad valorem
 
 in this State, with the exception of town Jots. But since 1814, the land tax has been laid according ‘‘to_its_value, including im. provements thereon.”
 
 Rev. Code, Ch.
 
 872. The term “improvements” had been before applied to town lots as subject to taxation according to their value.
 
 Ired. Rev. * *
 
 1784,
 
 C/¿.
 
 1 ; and it must have meant the buildings on them. Under various Acts since 1814, the owners of land gave in their lists, describing the situation and number of tracts and the quantity, and affixing also the value of the land and the improvements. Butin 1836, it was enacted, that the value should not be given in by the owner; but that a board of valuation, constituted of a justice of the peace and two freeholders, should upon oath ascertain the cash value thereof and return it to the County Court, subject to correction there, at the instance of persons aggrieved by too high a valuation. By the first section of the Act, the tax is laid on the land with improvements thereon. Probably different views were 'taken on the point, what constituted “improvements” in
 
 *94
 
 different parts of the State, to the prejudice of the revenue, so as to give occasion for the Act to provide for the reassessment of land in 1840, ch. 75. That enacts that the board of valuation for 1847, should ascertain on their own view or the oath of witnesses, as accurately as practicable, the cash value of land with improvements, and that they should annex to their return an affidavit, that the valuations of the land with improvements thereon are, in their judgment and belief, the actual value thereof in cash. Although the Legislature has in no one of the Aets / defined what are the improvements on land, which are to be taken into consideration in setting a value upon it, either by the owner or the board of valuation, yet it seems manifest that the term was used in all the Aets with the
 
 I
 
 intent to embrace all such buildings and erections as add to the value of the estate and would pass as a part of it under a sale and conveyance. Hence dwelling houses, barns, granaries, stables and other farm buildings, houses / of business and trades, such as shops, warehouses, tanneries, vats, mills and the like, must certainly come with* [jn the description of improvements on land. With respect to mills, the Court is quite clear in holding, that •whatever is parcel of one of any kind, whether a saw or grist mill, a carding, spinning, or weaving mill, forms a part of that improvement on the land, and for the time being is to be taken into the estimate of its value for the purposes of taxation. The rules respecting the ¡right to fixtures of the character of this machinery, as between landlord and tenant, or between the owners of a particular estate and the remainder men, can have, it is conceived, but little application to the point in this ease. Our en-quiry is, how are these fixtures to be regarded, as to their nature, when the premises and fixtures are in
 
 the
 
 possession and enjoyment of the legal owner
 
 oí
 
 the land itself. If Mr. Christian were the sole and absolute owner of the Factory and occupied it, then, undoubtedly, every part of
 
 *95
 
 tbe machinery, whether that more especially called the spinning machinery, or the large water wheel or other wheels by which the works are moved, would form a part of the realty. Trespass
 
 quare clausum fregit
 
 would lie for an injury to any part of it, and no one would think of bringing trespass
 
 cle bonis asportatis
 
 in such a case. A constable could
 
 not
 
 enter the mill with a
 
 ji. fa.
 
 and detach the frames and other parts of the spinning apparatus from the house by taking out the bolts and screws which confine them, and sell them as personal chattels. This machinery seems for many purposes of the same character with the skreens, bolting chests, mill stones, and the other apparatus in the grist mill; and precisely of that character for the purposes of this case. It forms parcel of the cotton mill or factory as the others do of the grain mills, and, without some reservation, would pass by a conveyance of the mill; and, consequently, ought to form parts of the mill for taxation. It is of no consequence, that the contract between the parties authorises one of them at a future period to sever the machinery from the house and carry it away. When thus severed, or, perhaps, when the time of severance shall have come it may be regarded as exclusively the property of him who has the right
 
 to
 
 remove it, and consequently would then be reckoned personalty. But at present the land,! with the house on it and the machinery attached to it, is\ occupied by these two persons as the temporary owners of the whole, who are to give in the land with the improvements for taxation; and while they thus occupy it, they ought to give it in precisely as the sole owner in fee would.
 

 The Court is, therefore, of opinion, that the order of the Superior Court was erroneous and must be reversed; and that the original order of the County Court should stand; which must he certified
 
 to
 
 the Superior Court, to the end that a writ of
 
 procedendo
 
 may thence issue to
 
 *96
 
 the County Court, where the tax books remain, in order that those books may be duly and finally settled in this respect.
 

 Per Curiam. Ordered accordingly.